**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

TURNER BROTHERS,
INCORPORATED; KENTUCKY
CENTRAL INSURANCE COMPANY,

    Petitioners,

v.

CHARLES W. CONLEY; DIRECTOR,
OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,

    Respondents.

No. 17-9545
(Benefits No. BRB 16-0572 BLA)
(Benefits Review Board)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HOLMES**, **O'BRIEN**, and **CARSON**, Circuit Judges.

_____

Turner Brothers, Inc. petitions for review of a decision by the Department of

Labor Benefits Review Board (Board) awarding benefits to Charles Conley under the

Black Lung Benefits Act (BLBA or Act), 30 U.S.C. §§ 901-944. The Board affirmed

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the decision of an administrative law judge (ALJ), who applied the "fifteen-year presumption" set forth in 30 U.S.C. §921(c)(4) to award benefits. The ALJ concluded that Mr. Conley had worked as a miner as defined by the BLBA for at least 15 years in conditions where he was regularly exposed to coal-mine dust. Turner Brothers has filed a motion to remand arguing that the ALJ did not have the authority to rule on Mr. Conley's application. Exercising jurisdiction under 33 U.S.C. §921(c), we deny both Turner Brothers' motion to remand and petition for review.

## I.     MOTION TO REMAND

In a motion filed after briefing was completed, Turner Brothers challenges the ALJ's authority and requests a remand for a new hearing before a different ALJ. Turner Brothers relies on *Lucia v. SEC*, 138 S. Ct. 2044, 2055 (2018), where the Supreme Court held that ALJs who decide cases before the Securities and Exchange Commission are "Officers of the United States, subject to the Appointments Clause" (internal quotation marks omitted). Although Turner Brothers acknowledges that subsequent to the decision entered in this case the Secretary of Labor ratified the appointment of the Department of Labor ALJs, it nevertheless contends that a remand is required.

The Director, Office of Workers' Compensation Programs, United States Department of Labor (Director) opposes the motion, arguing that Turner Brothers' failure to raise this issue to the agency is fatal. We agree. In contrast to this case, the *Lucia* petitioner made a "timely challenge to the constitutional validity of the

2

appointment of the [ALJ in his case]." *Id.* (internal quotation marks omitted). Turner Brothers concedes that it did not raise this issue before filing its motion in this court, but nevertheless argues that we should address the issue.

Turner Brothers' reliance on *Jones Brothers, Inc. v. Secretary of Labor*, 898 F.3d 669 (6th Cir. 2018), is misplaced. There, the Sixth Circuit observed that the employer had not waived its Appointments Clause challenge to the ALJ's authority, but instead had "chose[n] to identify the issue [to the Federal Mine Safety and Health Review Commission] but not to press it." *Id.* at 677. Therefore, the court excused the employer's forfeiture because "the absence of legal authority addressing whether the Commission could entertain the [Appointments Clause] claim" qualified as an extraordinary circumstance. *Id.* In contrast, Turner Brothers did not mention this issue in its filings with the ALJ or the Board, and did not raise the issue until after it filed its brief with this court.

Furthermore, Appointments Clause challenges are nonjurisdictional and may be waived or forfeited. *See Freytag v. Comm'r*, 501 U.S. 868, 878-79 (1991) (characterizing Appointments Clause objections as nonjurisdictional); *see id.* at 893-94 ("Appointments Clause claims, and other structural constitutional claims, have no special entitlement to review," and may be waived or forfeited for failure to raise them at trial) (Scalia, J., concurring in part and concurring in the judgment); *Island Creek Coal Co. v. Wilkerson*, __ F.3d __, 2018 WL 6301617, at ** 1-2 (6th Cir. Dec. 3, 2018) (holding Appointments Clause argument forfeited for failure to raise it in opening brief); *Jones Bros., Inc.*, 898 F.3d at 678 (stating that

3

Appointments Clause challenges are "not jurisdictional and thus are subject to ordinary principles of waiver and forfeiture"); *NLRB v. RELCO Locomotives, Inc.*, 734 F.3d 764, 798 (8th Cir. 2013) (holding party waived Appointments Clause challenge by failing to raise the issue before the agency); *In re DBC*, 545 F.3d 1373, 1377 (Fed. Cir. 2008) (same).

Turner Brothers also argues that neither the ALJ nor the Board had authority to rule on constitutional issues. We need not address this argument because Turner Brothers does not make any constitutional challenges to the governing statutes or regulations, or to the Board's award of benefits.

Therefore, we hold that Turner Brothers' "failure to raise this argument with the Board constitutes failure to exhaust administrative remedies and deprives the Court of Appeals of jurisdiction to hear the matter." *McConnell v. Dir., OWCP*, 993 F.2d 1454, 1460 n.8 (10th Cir. 1993) (internal quotation marks omitted). Accordingly, we deny the motion to remand and turn to the merits.

## II.    BACKGROUND

In 1988, ALJ Silverman denied Mr. Conley's application for BLBA benefits, finding that Mr. Conley had not established the existence of pneumoconiosis, one of the requirements for entitlement to benefits. Mr. Conley did not work in coal mining after 1985, when Turner Brothers filed for bankruptcy. On May 7, 2010, Mr. Conley

4

again filed for benefits and in 2016 ALJ Kennington awarded benefits.[1] Due to Mr. Conley's Alzheimer's disease, the parties stipulated to dispense with a hearing in 2016 and to rely on the transcript of the earlier hearing. In doing so, ALJ Kennington reviewed the evidence de novo and made his own factual findings.

Mr. Conley's relevant work was as a blast-hole driller and a core driller. Both of these jobs entailed surface work at coal mines, rather than underground mining work.

## III. STANDARDS OF REVIEW

"[W]e review the ALJ's factual findings for substantial evidence and the Board's legal conclusions de novo. Further, we do not reweigh the evidence, but instead ask if, based on the record as a whole, substantial evidence is present to support the ALJ's decision." *Spring Creek Coal Co. v. McLean*, 881 F.3d 1211, 1217 (10th Cir. 2018) (citation, ellipsis, and internal quotation marks omitted). "[O]ur review of alleged errors of law, and the effect they may have had on the benefits decision, must be made in light of the premise that the Act is intended to be remedial in nature, and doubts should be resolved in favor of the disabled miner or his or her survivors." *Bridger Coal Co. v. Dir., OWCP*, 669 F.3d 1183, 1190 (10th Cir. 2012)

---

[1] In his May 2010 application, Mr. Conley was entitled to invoke the fifteen-year presumption, which was reinstated in 2010 for claims filed after January 1, 2005, and pending on or after March 23, 2010. *See Antelope Coal Co./Rio Tinto Energy Am. v. Goodin*, 743 F.3d 1331, 1335-36 (10th Cir. 2014) (noting that fifteen-year presumption expired in 1982, but was reinstated in 2010, and applies to claims filed after January 1, 2005); Patient Protection and Affordable Care Act, Pub. L. No. 111-148, § 1556(c), 124 Stat. 119, 260 (2010) (applying amendments to BLBA claims filed after January 1, 2005, and pending on or after March 23, 2010).

(internal quotation marks omitted).  In addition, "we give considerable weight to the [U.S. Department of Labor]'s construction of the statute it is entrusted to administer and substantial deference to the agency's reasonable interpretation of its own regulations, unless such interpretation is plainly erroneous or inconsistent with the regulation." *Antelope Coal Co./Rio Tinto Energy Am. v. Goodin*, 743 F.3d 1331, 1341 (10th Cir. 2014) (citation, ellipsis, brackets, and internal quotation marks omitted).

## IV.   ANALYSIS

The relevant statute provides that if a miner was employed for at least fifteen years "in one or more underground coal mines," and if the medical evidence "demonstrates the existence of a totally disabling respiratory or pulmonary impairment, then there shall be a rebuttable presumption that such miner is totally disabled due to pneumoconiosis." 30 U.S.C. § 921(c)(4).  Further, if a claimant's work was not in an underground mine, he can still qualify for the presumption if "the conditions of [his] employment in a coal mine other than an underground mine were substantially similar to conditions in an underground mine." *Id.*  "[A] claimant's successful invocation of the fifteen-year presumption shifts the burdens of production and persuasion to the employer." *Consolidation Coal Co. v. Dir., OWCP*, 864 F.3d 1142, 1150 (10th Cir. 2017).  It is undisputed that Mr. Conley demonstrated that he was disabled due to pneumoconiosis.  Therefore, we consider whether (1) Mr. Conley worked as a miner as defined by the BLBA (2) for at least 15 years (3) in conditions where he was "regularly exposed to coal-mine dust." 20 C.F.R. §718.305(b).

6

A. Work as a Miner

Turner Brothers challenges ALJ Kennington's finding that Mr. Conley's work as a core driller qualified as work as a miner. There is no dispute that his work as a blast-hole driller qualified. Under the Act, a "miner" is "any individual who works or has worked in or around a coal mine or coal preparation facility in the extraction or preparation of coal." 30 U.S.C. § 902(d); *see also* 20 C.F.R. § 725.202(a). Courts require the claimant to satisfy a two-part test: (1) the "situs" test, which is work in or around a statutorily defined coal mine, *see* 30 U.S.C. § 802(h), and (2) the "function" test, which means "duties involv[ing] the extraction or preparation of coal, or involv[ing] appropriate coal mine construction or transportation," *Falcon Coal Co. v. Clemons*, 873 F.2d 916, 921 (6th Cir. 1989); *accord Wackenhut Corp. v. Hansen ex rel. Hansen*, 560 F. App'x 747, 750 (10th Cir. 2014).[2] Only the function test is in dispute here.

"[A] claimant's function must involve the extraction or preparation of coal." *Wackenhut Corp.*, 560 F. App'x at 750. Included in the broad definition of "miner" are "workers who perform duties incidental to the extraction or preparation of coal, so long as their work is an integral or necessary part of the coal mining process." *Id.* (internal quotation marks omitted). Thus, "[d]uties necessary to the procurement of

_____

[2] Although not precedential, we find the reasoning of this unpublished case to be instructive. *See* 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1(a).

7

coal or keeping the mine operational satisfy the function test, but duties merely convenient or helpful to the operation of a mine do not." *Id.* Turner Brothers maintains that Mr. Conley's work as a core driller did not qualify as work as a miner because (1) he was not exposed to coal dust, and (2) the work was only tangential to coal mining.

Exposure to coal dust is irrelevant to whether Mr. Conley's work qualified as work as a coal miner.[3] Under the statute, only coal transportation and mine construction workers must demonstrate that they were exposed to coal-mine dust to qualify as miners. *See* 30 U.S.C. § 902(d) (stating the definition of "miner" "includes an individual who works or has worked in coal mine construction or transportation in or around a coal mine, to the extent such individual was exposed to coal dust as a result of such employment"); *see also* 20 C.F.R. § 725.202(b) ("A coal mine construction or transportation worker shall be considered a miner to the extent such individual is or was exposed to coal mine dust as a result of employment in or around a coal mine or coal preparation facility."). Thus, Turner Brothers' reliance on *Bridger Coal Co./Pacific Minerals, Inc. v. Director, OWCP*, 927 F.2d 1150 (10th Cir. 1991), as requiring coal-dust exposure to qualify as work as a miner is misplaced. There, unlike Mr. Conley, the claimant was a coal mine construction worker, so he was required to demonstrate that he had been exposed to coal dust. *See id.* at 1151, 1153.

---

[3] As discussed below, dust exposure is relevant to whether Mr. Conley's work was substantially similar to underground coal mine work.

There is "a rebuttable presumption that any person working in or around a coal mine or coal preparation facility is a miner." 20 C.F.R. § 725.202(a). "This presumption may be rebutted by proof that: (1) The person was not engaged in the extraction, preparation or transportation of coal while working at the mine site . . . ; or (2) The individual was not regularly employed in or around a coal mine or coal preparation facility." *Id.*

ALJ Kennington determined that Mr. Conley's work as a core driller qualified as work as a miner. He found that Mr. Conley had "personally participate[d] in actual drilling operations to get samples, [he] worked at the mine site, [and he] was frequently within one hundred *feet* of live mining operations at a strip mine." Aplt. App. at 76 (internal quotation marks omitted). ALJ Kennington concluded "that core drilling for the purpose of determining the depth, width, and purity of coal seams was necessary to the extraction and preparation of coal." *Id.* Turner Brothers' argument that Mr. Conley's work as a core driller provided only tangential services is insufficient to rebut the presumption. Therefore, substantial evidence supports ALJ Kennington's conclusion that Mr. Conley's work as a core driller qualified as work as a miner.

### B. Fifteen Years of Work

Next, Turner Brothers and the Director contend that ALJ Kennington erred in concluding that Mr. Conley established fifteen years of work as a miner. They assert that ALJ Kennington failed to consider Mr. Conley's social security earnings records that conflicted with his testimony about how long he worked as a core driller. They

9

also contend that the stipulated length of Mr. Conley's employment as a blast-hole driller was five years, not the 5.31 years ALJ Kennington attributed to that job.

Neither Turner Brothers nor the Director preserved this issue by raising it to the Board. Turner Brothers asserts that it presented this issue in its brief to the Board, *see* Turner Brothers' Br. at 11 (citing Aplt. App. at 120), but that filing does not refer to social security records. Turner Brothers did not argue, as it does now, that ALJ Kennington erred by not considering and explaining Mr. Conley's social security records. The Director does not argue that she preserved this issue.

The parties' "failure to raise this argument with the Board constitutes failure to exhaust administrative remedies and deprives the Court of Appeals of jurisdiction to hear the matter." *McConnell*, 993 F.2d at 1460 n.8 (internal quotation marks omitted).

### C. Substantially Similar to Underground Coal Mine Work

Finally, Turner Brothers and the Director assert that the ALJ incorrectly analyzed the third criterion of the fifteen-year presumption—whether Mr. Conley's work as a core driller and a blast-hole driller was substantially similar to underground coal mining. This requirement is met "if the claimant demonstrates that the miner was regularly exposed to coal-mine dust while working" in surface mines. 20 C.F.R. § 718.305(b)(2). The standard is "regular dust exposure." *Antelope Coal*, 743 F.3d at 1344.

Mr. Conley testified at the first ALJ hearing that during his work as a core driller he was sometimes exposed to dust, while sometimes he drilled with water on.

10

He operated a drill mounted on the back of a truck. In his work as a blast-hole driller, he was directly exposed to silica and surface dust, rather than coal dust, on a daily basis. He worked in a cab right above the dust, but the cab did not keep the dust out. The cab had an air conditioner and a fan, but they did not work, so the dust came into the cab.

Turner Brothers asserts that Mr. Conley's surface work did not expose him to coal dust substantially similar to underground coal mining because his exposure to silica and surface dust while a blast-hole driller did not qualify as coal dust. But § 718.305(b)(2) refers not to "coal dust" but to "coal-mine dust." It is undisputed that coal mining produces dust other than coal dust. "Rock dust is part of the respiratory hazard faced by underground coal miners and was an appropriate consideration in determining whether [the claimant's] working conditions were similar to those in an underground mine." *Brandywine Explosives & Supply v. Dir., OWCP*, 790 F.3d 657, 665 (6th Cir. 2015); *see also id.* ("Furthermore, the definition of clinical pneumoconiosis includes silicosis, a disease caused by rock dust (silica) and not coal dust." (citing 20 C.F.R. § 718.201(a)(1)).

To the extent Turner Brothers relies on *Bridger Coal Co.*, 927 F.2d 1150, to require that dust exposure means exposure to coal dust, *Bridger Coal* is inapposite. As noted above, in *Bridger Coal*, the court addressed the reference to "coal dust" in 30 U.S.C. § 902(d), which applies to coal mine construction workers, holding that those workers were required to demonstrate exposure to "dust containing coal." *Bridger Coal*, 927 F.2d at 1153-54. In contrast, the statute applicable here, 30 U.S.C.

11

§921(c)(4), is not limited to workers exposed to "coal dust." Therefore, ALJ Kennington appropriately considered Mr. Conley's daily exposure to silica and surface dust when evaluating whether his work as a blast-hole driller was substantially similar to underground coal mining.

ALJ Kennington examined whether Mr. Conley's surface work was substantially similar to underground coal mining and found that he "established that his surface mine employment was in conditions at least as dusty as those prevailing in an underground mine." Aplt. App. at 77. This finding was based on Mr. Conley's testimony "that he was exposed to coal dust during the fifteen years he worked in strip mine employment, both as a core driller and [a blast-hole driller]." *Id.* at 76-77. The Board decided that the ALJ's determination was based on substantial evidence. Given that our task is not to reweigh the evidence, but to evaluate the evidence as a whole, *see Spring Creek Coal Co.*, 881 F.3d at 1217, we conclude that substantial evidence supports ALJ Kennington's decision.

V.      **CONCLUSION**

Turner Brothers' motion to remand and petition for review are denied.


                                              Entered for the Court


                                              Jerome A. Holmes
                                              Circuit Judge


12